# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

WILLIAM LONG, et al.,

    Plaintiffs,

v.                                         CASE NO. 4:08cv26-RH/WCS

HOLLY BENSON, et al.,

    Defendants.

_____/

## ORDER CERTIFYING CLASS

In *Olmstead v. Zimring*, 527 U.S. 581, 119 S. Ct. 2176, 144 L. Ed. 2d 540 (1999), the United States Supreme Court made clear that a state violates the Americans with Disabilities Act if it unnecessarily isolates disabled individuals in institutions as a condition of providing them public assistance. Isolation is unnecessary, for this purpose, if a state could provide the same assistance as effectively and efficiently in the community without fundamentally altering its public assistance program. Lower courts of course have followed *Olmstead*. *See, e.g., Radaszewski v. Maram*, 383 F.3d 599 (7th Cir. 2004); *Fisher v. Oklahoma Health Care Auth.*, 335 F.3d 1175 (10th Cir. 2003).

In this action seven named plaintiffs assert that the State of Florida, through the defendant Secretary, is operating its Medicaid program in violation of the *Olmstead* principle by providing assistance to many disabled individuals only in nursing homes even though they could be treated as effectively—and less expensively—in the community. The named plaintiffs seek to represent a class of similarly situated individuals. The named plaintiffs have moved for class certification. I grant the motion.

Under Federal Rule of Civil Procedure 23(b)(2), a class action may be maintained if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole," so long the requirements of Rule 23(a) also are satisfied. Here the Secretary has refused to act on grounds that apply generally to the class. This is a classic Rule 23(b)(2) class action.

I find that the requirements of Rule 23(a) also are satisfied. First, under Rule 23(a)(1), class treatment is appropriate only if "the class is so numerous that joinder of all members is impracticable." The record indicates that there are probably more than 8,500 Medicaid beneficiaries in nursing homes in Florida who would prefer to live in the community. If the plaintiffs prevail on the merits, it is likely that appropriate injunctive relief will extend to a significant portion, if not

most, of these 8,500 individuals. The number of affected individuals is easily enough to make class treatment appropriate.

Under Rule 23(a)(2), class treatment is appropriate only if "there are questions of law or fact common to the class." There are common questions in the case at bar. Common issues include, for example, the issues of what *Olmstead* requires, and whether providing assistance in the community rather than in nursing homes would require a fundamental alteration of the Florida Medicaid program. There of course may be individual issues also, but Rule 23(a)(2) requires only that there be common issues, not that there be no individual issues. And while the common issues predominate in the case at bar, this is not essential; in a Rule 23(b)(2) class, unlike in a Rule 23(b)(3) class, there is no requirement that common issues predominate.

Under Rule 23(a)(3), class treatment is appropriate only if "the claims . . . of the representative parties are typical of the claims . . . of the class." Here the named plaintiffs are individuals who were confined in nursing homes when the lawsuit was filed but assert they could be treated as effectively and efficiently in the community. Each named plaintiff's precise medical circumstances are of course unique; no two individuals are ever medically identical in all respects. But the claims of the named plaintiffs are very much typical of the claims of class members generally.

Under Rule 23(a)(4), class treatment is appropriate only if "the representative parties will fairly and adequately protect the interests of the class." This standard is easily satisfied here. For all this record reflects, these named plaintiffs have every reason to represent the class zealously and are motivated to do so. They are represented by attorneys well able to carry the load.

That leaves for consideration at this time the appropriate definition of the class. The plaintiffs say the class should include Medicaid-eligible adults who reside in nursing homes that receive Medicaid funding and would reside in the community with appropriate community-based services. The Secretary says the class should be limited to individuals who *she or her employees have determined* could appropriately be treated in the community.

The Secretary's proposed class definition will not do. If, as the plaintiffs assert, the ADA gives a disabled individual for whom a state provides Medicaid assistance in an institution the right to receive assistance for appropriate care in the community, then the Secretary cannot deny the right simply by refusing to acknowledge that the individual could receive appropriate care in the community. Otherwise the right would, or at least could, become wholly illusory.

This does not mean, though, that if the plaintiffs prevail on the merits, the Secretary will have to provide Medicaid assistance in the community to any current nursing home resident who wishes to move out. To the contrary, the feasibility of

*Case No: 4:08cv26-RH/WCS*

providing appropriate care in the community will remain a consideration, and the Secretary will not be compelled to fundamentally alter the state's Medicaid program. The plaintiffs seem to acknowledge this.

Drawing the line between those who will or will not be eligible for community-based assistance is an issue properly reserved for the merits, not one properly decided in the context of class certification. If the Secretary prevails on the merits, the line she has drawn will be upheld. If the plaintiffs prevail, appropriate injunctive relief will require the Secretary to provide assistance for appropriate care in the community, but only to the extent she can do so without fundamentally altering the state Medicaid program. The class should consist of those individuals who "could and would reside in the community with appropriate community-based services." For this purpose, "appropriate" community-based services means those that are both appropriate to the individual's circumstances *and* can be provided without a fundamental alteration of the state program. If, as the case progresses, a more precise definition becomes feasible and appropriate, the rules of course provide for an amendment. *See* Fed. R. Civ. P. 23(c)(1)(B).

Finally, a word is in order about an unpublished Eleventh Circuit decision that the Secretary says requires a more limited class definition. In *Brown v. Bush*, No. 99-11544 (11th Cir. Feb. 3, 2000), the Eleventh Circuit reviewed a class certification order that had been drafted by the plaintiffs' attorneys and adopted

verbatim by the district court. The order was deficient in many respects. One was that it adopted an overly broad and imprecise class definition that by its terms included individuals far outside the sweep of the named plaintiffs' substantive claims. The definition also overlapped with the class definition in four other class actions that were pending before the same district judge. Not surprisingly, the Eleventh Circuit vacated the class certification order. The Eleventh Circuit drafted its own class definition that was narrower than that adopted by this order. But that was a different case with different issues; the circumstances there were much different than those here. And as an unpublished opinion, *Brown* of course is not binding, even in this court. Nothing in *Brown* suggests that the definition adopted by this order is impermissible.

For these reasons,

IT IS ORDERED:

The plaintiffs' motion for class certification (document 22) is GRANTED. The named plaintiffs are designated as representatives of a class consisting of any Florida Medicaid-eligible adult who, at any time while this litigation has been pending, has resided in a nursing home that receives Medicaid funding, and who could and would reside in the community with appropriate community-based services. Attorneys Bruce Vignery, Gariela Magda Ruiz, Jodi Lynn Siegel, Neil Chonin, Sarah Somers, Stacy Jane Canan, and Stephen F. Gold are designated as

class counsel.

SO ORDERED on October 14, 2008.

s/Robert L. Hinkle
Chief United States District Judge
